UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMAL D. JONES,

        Petitioner,

  v.                                        Case No. 22-cv-1384-pp

CITY OF MILWAUKEE,

        Respondent.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 11), SCREENING AND DENYING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1), DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DISMISSING CASE**

      On November 11, 2022, the petitioner—representing himself—filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2022 conviction for first-degree intentional homicide and possession of a firearm by a prohibited person. Dkt. No. 1. Along with the petition, he filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. Because the petitioner did not use required form for that motion, the court denied the request and ordered the petitioner to either file an amended motion to proceed without prepaying the filing fee or pay the $5.00 filing fee. Dkt. No. 10. On June 26, 2023, the court received from the petitioner a motion to proceed without prepaying the filing fee, this time on court's required form. Dkt. No. 11. This order grants that motion and screens the petition. Because it plainly appears from the face of the petition that the petitioner has not exhausted his

1

state court remedies, the court will deny the petition, decline to issue a certificate of appealability and dismiss the case.

I. **Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 11)**

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). The petitioner asked the court to allow him to proceed without prepaying that fee. Dkt. No. 11. Section 1915(a)(1) of Title 28 allows a court to authorize someone to start a lawsuit without prepaying the filing fee if the person "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The petitioner's motion indicates that he has no assets. Dkt. No. 11 at 2. The petitioner says he is on disability and does not have any money or family support. Id. at 3. The petitioner filed his prison trust account statement. Dkt. No. 7. The statement shows that of December 6, 2022, the petitioner had $0.00 in his account and that he owed $65.62. Id. The court concludes that the petitioner does not have the funds to pay the $5.00 filing fee; the court will grant the motion to proceed without prepaying the filing fee and will screen the petition.

II. **Rule 4 Screening**

A. Background

The petition indicates that the petitioner is challenging his 2022 conviction in Milwaukee County Case No. 2021CF002223. Dkt. No. 1 at 2. The court has reviewed the publicly available docket in that case. See State v. Jones, Milwaukee County Case No. 2021CF002223 (available at https://

2

wcca.wicourts.gov/). According to the docket, the State filed a criminal complaint against the defendant on June 4, 2021. Id. On June 9, 2022, a jury found the petitioner guilty of first-degree intentional homicide and possession of a firearm by a prohibited person. (The petitioner filed this federal *habeas* petition on November 11, 2022—only five months after the jury verdict and before he had been sentenced.)

On March 3, 2023, the circuit court sentenced the petitioner to life in prison for intentional homicide and five years of imprisonment and five years of extended supervision for being a prohibited person in possession of a firearm, to run concurrently with the life sentence. Id. The docket indicates that the petitioner is eligible for release to extended supervision after serving thirty-five years in prison. Id.

The state court entered the judgment of conviction on March 6, 2023, and the petitioner filed his notice of intent to pursue post-conviction relief that same day. Id. Also that day, the petitioner filed a notice of intent to seek post-conviction relief. Id. Although there is a May 23, 2023 docket entry titled "Notice" with the remark, "Letter to [petitioner] re: Notice of Appeal, received and filed," id., and although the Court of Appeals has opened an appellate case, State v. Jamal D. Jones, App. No. 2022XX000807 (available at https://wscca.wicourts.gov), it does not appear that briefs have been filed or that the appellate court has ruled on the merits of the petitioner's appeal.

B. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

3

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the person incarcerated under a state judgment must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must

4

return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

C.  The Petition

The petitioner raises four grounds for relief: (1) lack of evidence, (2) police misconduct resulting in a coerced statement, (3) prosecutorial misconduct and (4) ineffective assistance of counsel. Dkt. No. 1 at 6-9. For each ground, when asked to explain why he did not exhaust his state remedies (if he had not done so), the petitioner wrote, "N/A." Id. For relief, the petitioner asks the court to "look over" his whole case and "see how [his] constitution right's were violated," and asks "for a reversal of the conviction and the case acquitted." Id. at 12.

The court does not need to decide whether the petitioner has stated grounds for relief that are cognizable on federal *habeas* review because it is plain from the petition and the state-court record that the petitioner has not exhausted any of his state court remedies. The petitioner filed this federal *habeas* petition on November 11, 2022, months before the circuit court sentenced him and entered the judgment of conviction. While the docket indicates that the petitioner filed a notice of intent to pursue postconviction relief, it does not appear that the petitioner has filed a postconviction motion in

5

the circuit court. While the docket indicates that the petitioner has filed a notice of appeal, it does not appear that that appeal has been briefed or that the Wisconsin Court of Appeals has had the opportunity to rule on the merits of the claims the petitioner attempts to bring in this federal petition. 28 U.S.C. §2254(b)(2)(A) forbids a federal district court from granting *habeas* relief unless the petitioner has "exhausted the remedies available in the courts of the State." A claim is not "exhausted" if the petitioner still "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c). The petitioner still has the right to raise his claims before the trial court through Wis. Stat. §974.02 post-conviction relief. He still has the right to appeal the issues he has identified in his *habeas* petition to the Wisconsin Court of Appeals. If the court of appeals rules against him, the petitioner still may seek review by the Wisconsin Supreme Court.

The petitioner has not done any of these things; he has not exhausted his state remedies. The court cannot grant him *habeas* relief and must dismiss the petition.

### III.    Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved

in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000). No reasonable jurist could debate that the petitioner has failed to exhaust his remedies in state court, so the court will not issue a certificate of appealability.

**IV. Conclusion**

The court **GRANTS** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 11.

The court **ORDERS** that this case is **DISMISSED**. The court will enter judgment accordingly.

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 11th day of July, 2023.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**